PER CURIAM.
We affirm the trial court’s suppression order in all respects, except as to paragraph 3(b).
The state contends that the trial court erred in limiting the use of Munson’s prior trial testimony as to the emphasized portion of paragraph 3(b):
The testimony of witness Munson, at the Defendant’s original trial before the Honorable Harry Lee Coe, III, is admissible for use at Hill’s forthcoming trial, with the exception of any statements in said former trial testimony which refers to the incident of July 1, 1980[] involving the Defendant’s recorded statements previously referred to herein.
(Emphasis supplied.)
Defense counsel does not agree that the trial court’s order limits the use of Mun-son’s testimony. He contends that the trial judge only intended to limit the testimony as it relates to the fact that the conversation was recorded by an electronic device.
We agree that the trial court did not intend to limit Munson’s testimony, except as to any reference to the recording incidents. The contents of Munson’s conversations with Hill testified to by Munson at Hill’s first trial are admissible as evidence at Hill’s forthcoming trial. Any specific references to an electronic interception device should be deleted from Munson’s testimony.
Affirmed with directions consistent herewith.
FRANK, A.C.J., HALL and THREADGILL, JJ., concur.